IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


DAVID L. HARRIS,                                                        PLAINTIFF


v.                                   Case No. 1:06-cv-1057



MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                  DEFENDANT


**MEMORANDUM OPINION**

      Plaintiff, David L. Harris,  brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability, disability insurance benefits (DIB) under the provisions

of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under

the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

      Plaintiff filed his applications for disability insurance benefits (DIB) and supplemental

security income (SSI) on September 23, 2003, alleging an inability to work since May 15, 2003 due

to congestive heart failure, lung problems, a chest infection, spots on his lungs, and shortness of

breath. (T. 58-61, 98, 255-258)[2].   Plaintiff's applications were denied initially and on

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "T."

reconsideration. (T. 37-40).  Pursuant to Plaintiff's request, a hearing  before an ALJ was held on

October 11, 2005. The Plaintiff was present and  represented by counsel at the hearing. (T. 264-294).

After considering all of the evidence of record, the ALJ rendered a decision on January 26, 2006,

finding the Plaintiff  not disabled within meaning of the Act at anytime during the relevant time

period. (T. 8-18).   The decision of the ALJ became the final decision of the Commissioner when

the Appeals Council denied Plaintiff's request for review on May 6, 2006. (T. 4-6).

**2. Applicable Law:**

       In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

       It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160

2

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled.    He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ

3

failed to understand the condition and effects of sarcoidosis; ignored Plaintiff's obesity; performed an improper evaluation based on *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); and posed an improper hypothetical to the vocational expert.  Defendant argues the ALJ's decision is supported by substantial evidence, the ALJ properly evaluated the evidence of the record and testimony, and the Plaintiff failed to carry his burden of proving he was unable to perform his past relevant work.

### A. Sarcoidosis and Its Effects

Plaintiff has alleged the ALJ failed to understand the condition and effects of sarcoidosis on Plaintiff.  Sarcoidosis is a multi-system granulomatous disorder of unknown etiology, characterized histologically by noncaseating epithelioid granulomas, involving various organs or tissues with symptoms dependent on the site and degree of involvement. *See* Mark H. Beers & Robert Berkow, ED., *The Merck Manual*, 2482 (17th ed. 1999).  Plaintiff, in his brief, sets out typical symptoms and effects from sarcoidosis and argues how Plaintiff is experiencing several of these. (Doc #6, p. 7-9).

Plaintiff was first diagnosed with sarcoidosis in December 2002. (T. 108).   The evidence in the record establishes that Plaintiff suffers from sarcoidosis. (T. 37, 39, 105, 108, 122, 158, 164, 171, 180, 182, 185, 199, 204, 228, 229). The ALJ found that Plaintiff suffers from sarcoidosis and related symptoms. (T. 17).

A review of the ALJ decision shows he did have an understanding of and considered Plaintiff's sarcoidosis. (T. 13-15).  The ALJ, in his decision, acknowledged the diagnosis of sarcoidosis and made reference to several parts of the record wherein it was mentioned. (T. 14-15). The ALJ did find the symptoms severe enough to preclude some work activity, and made such a finding. (T. 14).  However, based on his review of the objective medical evidence, he found that

Plaintiff exaggerated his symptoms and limitations to some extent. (T. 14).

Under the Act, "disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can reasonably be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The claimant bears the burden of proving disability. *See Clark v. Shalala,* 28 F.3d 828, 830 (8th Cir. 1994). The Plaintiff has not met his burden is establishing a disability based on sarcoidosis. The Plaintiff cannot point to a single work limitation based on sarcoidosis, set forth by a treating physician. The ALJ did consider the effects of Plaintiff's sarcoidosis and found no disability as a result.

### B. Obesity of Plaintiff

Plaintiff argues the ALJ ignored Plaintiff's impairment based on obesity. Plaintiff did not allege disability based on obesity in his application. (T. 89). Likewise Plaintiff did not allege obesity as a basis for his alleged disability at the administrative hearing. It does not appear that the treatment records or other medical records include a diagnosis or assessment of obesity. Plaintiff's failure to allege obesity in his disability application or during his administrative hearing weakens his argument that the ALJ erred by failing to address obesity in his decision. *See. Box v. Shalala*, 52 F.3d 168 171 (8th Cir. 1995) (Where claimant failed to claim a disability based on obesity in his application for benefits or at the administrative hearing, fact that the ALJ did not discuss obesity as an impairment is not fatal).

Plaintiff testified that he previously weighed more than 270 pounds. (T. 269). Assuming Plaintiff had alleged a disability based on obesity, the evidence does not establish that Plaintiff had

5

a severe impairment related to obesity that resulted in additional functional limitations with a duration of twelve months. *See Barnhart v. Walton*, 535 U.S. 212, 214-215 (2002) (Social Security Act's definition of disability properly interpreted as requiring an inability to engage in any gainful activity for a period lasting or expected to last a duration of twelve months); 20 C.F.R. §§ 404.1509 and 416.909. The evidence establishes that Plaintiff weighed more than 260 pounds from December 2002 through June 2003. (T. 210-215). Plaintiff has alleged a disability since May 15, 2003, and reported that he worked until that date. (T. 59, 72, 89). Plaintiff's weight did not preclude his work activity in the past. This condition has not worsened and, Plaintiff testified at his hearing that he weighed 189 pounds. (T. 269).  The ALJ did not err in failing to find Plaintiff disabled because of obesity.

### C. Polaski Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credible.    The Plaintiff  asserts the ALJ performed an improper *Polaski* evaluation.  The Defendant argues the ALJ's credibility determination is entitled to deference by this Court and there is substantial evidence in the record to support that determination.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  These five *Polaski* factors  must be analyzed in light of the claimant's subjective complaints of pain and discomfort.  The factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions.  *Id.* at 1322.  The ALJ is not required to methodically discuss each *Polaski*

factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

When discounting a claimant's complaint, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The ALJ conducted an in-depth *Polaski* analysis. (T. 12-16). The ALJ properly addressed and discussed in detail Plaintiff's activities of daily living; frequency and intensity of Plaintiff's pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions.

In testifying about his activities of daily living, the Plaintiff indicated he could not shave or do his own hair, and could not vacuum, sweep, take out the trash, wash his car, mow his lawn, rake leaves, or garden. (T. 83-84). This is inconsistent with the medical evidence and testimony of Plaintiff. The Plaintiff testified he could stand and/or sit about 2 to 2½ hours before he had to move. (T. 289). He testified that he could lift 50-75 lbs. (T. 289). Plaintiff also testified that during a term of incarceration in Arkansas Department of Corrections, from December 2004 to June 2005, he had jobs on the hoe squad, washing dishes and doing yard work at the state capital. (T. 276).

The ALJ discussed at length Plaintiffs complaints of pain associated with his back, shortness of breath, and coughing (T. 12-13). For each of these complaints, the ALJ set forth his findings as to why each would not be disabling. The ALJ found that the complaints were not credible given the lack of objective medical evidence supporting the complaints and lack of prescribed pain medicine. *See Ostronski v. Chater,* 94 F.3d 413, 419 (8th Cir. 1996). (complaints of disabling pain are

7

inconsistent with a failure to take are prescription pain medication).

Plaintiff argues that his condition is aggravated by heat and physical activity. While there is no support in the medical record for this, the ALJ did find the Plaintiff has an environmental restriction based on temperature and humidity extremes. (T. 16).

The ALJ discussed the prescription medications taken by the Plaintiff. (T. 13).  During a December 1, 2003 visit to the Interfaith Clinic, it was noted that Plaintiff was taking medications as prescribed without side effects. (T. 137).  Further, Plaintiff has not provided any evidence to support his argument on this issue other than to list the prescriptions that are or have been used by Plaintiff.

Plaintiff lists his functional limitations as only able to do some yard work around his sisters home; not using a lawn mower; and using a weed-eater at a slow pace. (T. 275 - 276).  However, these limitations are inconsistent with the activity Plaintiff was engaged in during his stay in the Arkansas Department of Corrections, where the Plaintiff testified he worked on a "hoe squad" and did yard work at the state capital.  The ALJ properly discounted plaintiffs testimony in this regard.

Based on objective medical evidence and the testimony of Plaintiff, I find substantial evidence supporting the ALJ's conclusion that Plaintiff's subjective complaints of disabling pain were not wholly credible.

### D. Improper Hypothetical to The Vocational Expert

Plaintiff argues the ALJ should have used a hypothetical which included all of the impairments claimed by the Plaintiff.   Plaintiff had the burden of proving an inability to perform his past relevant work. *See Barrett v. Shalala*, 38 F.3d 1019, 1024 ( 8th Cir. 1994) (the burden of proof shifts to Commissioner only after claimant carries initial burden of showing inability to perform past relevant work). An individual is not disabled if they retain the capacity to perform

either their past relevant work as it was actually performed, or as it is generally performed in the national economy. *See Evans v. Shalala*, 21 F.3d 832, 833-834 (8th Cir. 1994) (quoting SSR 82-61 (1982)). The question of the number of jobs that exist is not relevant at step four of the sequential evaluation process. *See Barnhart v. Thomas*, 540 U.S. 20 (2003).

The regulations expressly provide that vocational expert testimony may be considered in determining whether an individual can perform their past relevant work. *See* 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2). A hypothetical question need only include those limitations that the ALJ accepts as true. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994).

A vocational expert testified that Plaintiff's past work as an assistant manager at Arby's was light work. (T. 16, 288, 290). The vocational expert testified that an individual with the specified exertional and nonexertional limitations could perform Plaintiff's past relevant work as an assistant manager. (T. 16, 290). The nonexertional environmental limitations specified included a restriction that the work never require work at heights, in temperature extremes, humidity extremes, or around commercial chemicals. (T. 290). The ALJ determined that Plaintiff was capable of performing his past relevant work as an assistant manger. (T. 16-17). As a result, Plaintiff's application was denied at step four of the sequential process.

The Plaintiff also argues the hypothetical should have mentioned the obesity of Plaintiff. For the reasons set forth above under Section B, this argument has no merit.

I find that there exists substantial evidence supporting the ALJ's decision that Plaintiff was capable performing past work as an assistant manager.

## 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After

9

a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ.  Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **25th day of April, 2007.**

                                      /s/  Barry A. Bryant
                                      HON.  BARRY  A. BRYANT
                                      U. S. MAGISTRATE JUDGE